# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. KABLER, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **1:19-cv-00395 SHR** |
| **v.** | : | |
| | : | |
| **UNITED FOOD AND COMMERICAL** | : | |
| **WORKERS UNION, LOCAL 1776** | : | |
| **KEYSTONE STATE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## SECOND DECLARATION OF ANDREW GOLD

I, Andrew Gold, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, based on my personal knowledge, that the following facts are true and correct:

1.    I am currently a representative and employee of the United Food and Commercial Workers Union, Local 1776 Keystone State ("Local"), and work at its main office at 3031-A Walton Road, Plymouth Meeting, PA 19462. I have worked for the Local in various capacities since May 2013.

2.    In my current position with the Local, I am familiar with the circumstances whereby Plaintiff John R. Kabler ("Plaintiff") became a union member of the Local, his membership ceased and dues deductions ended, and a new collective bargaining agreement was ratified in June 2019.

## I. Plaintiff Joins UFCW Local 1776

3.     Plaintiff joined the Local by signing a membership application on April 10, 2017.  On the same day, he separately signed a dues deduction authorization form to have union dues deducted from his pay, as well as a separate authorization to contribute to the Local's political action committee.

4.     Plaintiff's membership application, political action committee ("PAC") authorization, and dues deduction authorization state that Plaintiff has the right not to become a union member and accurately describe the state of the law at the time which required the payment of agency fees by non-members.  The application also explains the voluntary nature of union membership, PAC contributions, and dues deduction authorizations.  (A true and correct copy of the membership application, PAC authorization, and dues deduction authorization card signed by Plaintiff, as well as a true and correct copy of the back of the Local's union card in use at the time Plaintiff signed his card, are attached to this Declaration as Exhibit "A.")

5.     The Local interpreted the dues deduction language on the card to provide every member at least one revocation window per year, occurring thirty (30) to forty-five (45) days before their membership anniversary.

6.     Plaintiff admittedly signed his membership application, PAC authorization, and dues deduction authorization prior to receiving the Local's

"Welcome Letter," and a membership card, attached to his Complaint as Exhibit B. (*See Compl.*, ¶¶ 29-31, Ex. B).

7.      Consistent with Plaintiff's contentions, the Local sent him a Welcome Letter after he decided to become a member of the Local. (*See Compl.*, Ex. B.) Based on my review of the Local's records, the Local sent the Welcome Letter to Plaintiff on or about June 2, 2017.

8.      Based on my review of the Local's procedures, prior to receiving the Welcome Letter, Plaintiff was also sent a copy of the then-current CBA, as confirmed by the Welcome Letter, which states that the CBA was sent to Plaintiff and advises Plaintiff to read the CBA. (*See Compl.*, Ex. B.)

9.      Based on my review of the Local's records, in addition to the Welcome Letter, the Local sends new members a document, which included a section entitled "Membership Information."   (A true and correct copy of the "Membership Information" section sent to new members in 2017 is attached to this Declaration as Exhibit "B"). By signing the membership application, Plaintiff became a member of the Local, entitled to all the rights and privileges that come with membership in the Local, which include the right to attend union meetings, vote for the Local's officers, and vote for a new collective bargaining agreement.

**II.      Plaintiff Requests Dues Deduction Cease.**

10.     By letter dated July 17, 2018, the Local received Plaintiff's request to rescind his membership in the Local and, with that letter, received a copy of a letter Plaintiff sent to the Commonwealth notifying it that he had resigned membership in the Local and wished it to cease dues deduction.  (A true and correct copy of Plaintiff's July 17, 2018 letter to the Local, and the copy of Plaintiff's letter to the Commonwealth are attached to this Declaration as Exhibit "C".)  Previously, to my knowledge, Plaintiff had never resigned membership in the Local or otherwise requested that dues deduction cease.

11.     On July 19, 2018, I returned Plaintiff's call and left him a voicemail in reference to his July 17, 2018 request, because I was tasked with handling requests like Plaintiff's on behalf of the Local.

12.     On August 10, 2018, I called the Plaintiff again, since I had not received a return call from my July 19, 2018 message.  During this August 10, 2018 telephone call with the Plaintiff, we discussed his wish that dues deduction cease.  I explained that Plaintiff could revoke his dues deduction authorization during his next window period.

13.     To my knowledge, neither the Commonwealth of Pennsylvania nor its agents or employees had any input or otherwise participated in any discussion with the Local about how Plaintiff's request was handled by the Local.

14.    To my knowledge, neither the Commonwealth of Pennsylvania, nor its agents or employees encouraged, suggested, or advised the Local to take a position on Plaintiff's request; nor did it otherwise communicate its opinion to the Local as to whether Plaintiff's request should be granted or how it should otherwise be handled.

### III.    The Local Contacts Plaintiff to Remind Him of His Window for Dues Deduction Revocation.

15.    On March 5, 2019, I called Plaintiff to inform him that he was within his dues authorization revocation window – the time frame in which, under the terms of the dues deduction authorization card, Plaintiff could request to stop dues deduction.  I contacted the Plaintiff on my own initiative, since he had previously made me aware of his wish to stop dues deduction.

16.    During this telephone call, Plaintiff's tone became angry and loud, and he began to talk over me, preventing me from continuing to speak.  This telephone call was very brief, and ended when Plaintiff abruptly hung up the phone.

17.    I attempted to call the Plaintiff back at that time, but he did not answer the phone.

18.    Just two days later, Plaintiff served the Local and certain named officers, including Wendell W. Young, IV, President of the Local ("President Young"), with the Complaint at issue in this lawsuit.

19.     Since Plaintiff's Complaint met the requirements of revocation under the terms of his dues deduction authorization, in that it was in writing and provided to the Local within Plaintiff's window, the Local considered it a timely, written request to revoke Plaintiff's dues deduction authorization. Accordingly, the Local accepted Plaintiff's revocation.

20.     Once again, to my knowledge, the decision to accept Plaintiff's Complaint as a revocation of his authorization was made solely by the Local. The Commonwealth had no influence over, or input into, the Local's decision, nor did it seek to influence or otherwise impact the Local's decision.

21.     On or about April 2, 2019, President Young sent correspondence via certified mail to Plaintiff confirming that he was no longer a union member, and further informing him that the Local was considering his Complaint a timely, written request to revoke his dues authorization and that, accordingly, he would no longer pay union dues effective April 10, 2019. (A true and correct copy of the April 2, 2019 letter is attached to this Declaration as Exhibit "D").

22.     On or about April 10, 2019, Liana Reed, an employee of the Local, sent correspondence via certified mail and email to Ed Phillips, the Chief of the Bureau of Labor Relations in the Commonwealth's Office of Administration, informing him that dues deductions for Plaintiff should cease. (A true and correct copy of the April 10, 2019 letter is attached to this Declaration as Exhibit "E").

23.     Subsequently, the Local contacted the Commonwealth of Pennsylvania which confirmed that, after the April 18, 2019 payroll date (the next one following April 10, 2019), union dues deduction from Plaintiff's paycheck ceased.

**IV.     Maintenance of Membership is No Longer Referenced in the CBA.**

24.     On June 26, 2019, the PLCB, on behalf of the Commonwealth, and the Local ratified a successor collective bargaining agreement, with a term from July 1, 2019 through June 30, 2023.  In the new CBA, Article 4 no longer has any provision regarding maintenance of membership or fair share fees.  (A true and correct copy of the revised Article 4 CBA language is attached to this Declaration as Exhibit "F".)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 18, 2019.

_____
Andrew Gold

# EXHIBIT A

LOCAL __1776__

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION
MEMBERSHIP APPLICATION

200

PRINT OR TYPE
Please Press Hard

| Dept. or Job Classification | Check No. | ☐ New Hire ☐ Rehire | Start Date | ☐ Full Time ☐ Part Time | Current Hrly Wage |
|---|---|---|---|---|---|
| Part Time Clerk  135 | | | w 4 d 12 x 17 | | |
| Type of Work Performed | Previous Union Affiliation/Employer | | Withdrawal Date | Must be completed by local union: Basis for Membership (Check one) | |

Registered Voter in State And County Of Residence
☐ Yes ☐ No

Local Union Executive Officer's Signature

Affiliation Date
m 5 17 x

RETURN ALL COPIES TO LOCAL UNION

---

'200

### UFCW Authorization Form for PAC Membership and Contribution

Pete Rhodes

I hereby authorize _____ to deduct (check one)

☒ $.50   ☐ $1.00   ☐ $2.00   ☐ $3.00   ☐ $4.00   ☐ $5.00   ☐ Other $ ____

per week from my paycheck. Such amount to be transmitted to the UFCW Local 1776 Political Action Committee (PAC) at such time and in such manner as may be agreed upon by _____ and UFCW Local 1776.

A contribution of at least one year is the usual way to begin this donation program.

I understand that this authorization is voluntarily made and that the amount suggested as a contribution is a guideline and that I may contribute more or less than this amount by any lawful means other than this checkoff, or may refuse to contribute, and that the making of payments to the UFCW Local 1776 PAC is not a condition of membership in the Union or of employment with the employer and that I have a right to refuse to sign this authorization and not to contribute to the UFCW Local 1776 PAC without reprisal.

I understand that my contribution will be used for political purposes, including the support of candidates for federal, state, and local office. I expressly reserve the right to revoke at any time this authorization in writing.

I also understand that contributions or gifts to the UFCW Local 1776 PAC are not deductible as charitable contributions for federal tax purposes.

Name (please print) __John Kabler__   S.S. No. ____

Address ____   Home Phone ____

WHITE & YELLOW COPIES TO LOCAL UNION — PINK COPY TO EMPLOYER

---

### United Food and Commercial Workers Union Local 1776
PLYMOUTH MEETING, PENNSYLVANIA

Fee # 200
5/17

I hereby voluntarily authorize my Employer to deduct from my wages the sum equivalent to my regular union membership dues and further direct said Employer to deduct any Initiation Fees and Assessments which are due and payable by me as a member of Local No. 1776 resulting out of action taken by the membership of the Local Union and/or the By-Laws of Local 1776 and the Constitution of the United Food and Commercial Workers International Association and remit same to the Union. I further direct that this authority is to become effective immediately, and after the present contract expiration date shall remain irrevocable for a period of one (1) year thereafter or to the expiration of said contract, whichever occurs sooner, and shall continue in full force and effect thereafter unless I give written notice to the company and the union by certified mail of my desire to terminate said authority at least thirty (30) days and not more than forty-five (45) days before any periodic renewal date of this authority. I understand that dues paid to Local 1776 are not deductible as charitable contributions for Federal Tax purposes.

PLEASE SIGN AND RETURN BOTH COPIES

PLEASE PRINT
Name __John Kabler__   Soc. Sec. No. ____

Company ____   Store No. __2103__

WHITE & YELLOW COPIES TO LOCAL UNION — PINK COPY TO EMPLOYER.   (over)

## FOR YOUR INFORMATION

In accordance with the decisions of United States Supreme Court, you have the right to refrain from being a member of the Union. Employees who are not members of the Union, are required to pay, as a condition of employment, an agency fee and, where applicable, initiation fees. Under the Local 1776 policy on agency fee objections, an employee who is not a member of the Union, but who pays agency fees pursuant to the Union security clause, may request a reduction in that fee based on their objection to certain kinds of union expenditures. Public employees in Pennsylvania are covered by the fair share fee system applicable to them and are not covered by this policy. Local 1776 provides an objection period each year during the month of September, followed by a reduction in the objector's fee for the 12 months beginning with November and running through October of the following year.

EXHIBIT B

# *Membership Information*

**Membership dues and initiation fees**

All members of United Food and Commercial Workers (UFCW) Local 1776 are required to pay membership dues in addition to an initiation fee. The amount varies according to the member's employer and job classification. Dues and initiation fees are deducted by employers through weekly, bi-weekly or monthly payroll deductions. These deductions are remitted monthly to Local 1776. In accordance with the Constitution of the UFCW International Union, all employees covered by a collective bargaining agreement with Local 1776 are affiliated into the Union 30 days after their date of hire. Appropriate dues are deducted starting with the first payroll period for most new members of Local 1776. The policy of Local 1776 is that dues are payable one month in advance. Therefore, the dues that are deducted from the first payroll period for a new member are applied to the corresponding week in the following month which is the same period as the affiliation date. Each member is responsible for dues during any period(s) in which he or she is an employee of an employer covered by a collective bargaining agreement with Local 1776, but does not receive a paycheck, i.e. approved sick leave, personal leave, vacation, short term disability, etc. up to a six month period beyond the date of his/her leave.

Initiation fees also are deducted through payroll deductions starting with the fifth pay period. The appropriate initiation fee is deducted over several pay periods.

In accordance with a U.S. Supreme Court decision, you have the right to refrain from being a member of the Union. Employees who are not members of the Union are required to pay as a condition of employment an agency fee and, when applicable, initiation fees. Under the Local 1776 policy on agency fee objections, an employee who is not a member of the Union, but who pays agency fees pursuant to the union security clause, may request a reduction in that fee based on objection to certain kinds of Union expenditures. Public employees in Pennsylvania are covered by the fair share fee system applicable to them, and are not covered by this policy. Local 1776 provides an objection period each year during the month of September, followed by a reduction in the objector's fee for the 12 months beginning with November and running through October of the following year.

Local 1776's objection policy: the agency fee payable by objectors is based on the Union's expenditures for those activities or projects "germane to collective bargaining, contract administration and grievance adjustment" within the meaning of applicable U.S. Supreme Court decisions. Among these "chargeable" expenditures are those for negotiations with employers, enforcing collective bargaining agreements, informal meetings with employer representatives, discussion of work-related issues with employees, handling employees' work-related problems through the grievance procedure, administrative agencies or informal meetings, and union administration. Among the expenditures treated as "non-chargeable," which objectors are not required to support, are those for community service (including participating in charitable events), legislative activity, cost of affiliation with non-UFCW organizations, support of political candidates, participating in political events and recruitment of members to the Union and members-only benefits.

Objectors will be given a full explanation of the basis for the reduced fee charged to them. The explanation will include a more detailed list of the categories of expenditures deemed to be chargeable and those deemed to be non-chargeable, and a report by accountants showing the Union's expenditures on which the fee is based. In addition to any other avenue of relief available under the law, objectors will have the option of challenging the Union's calculation of the reduced fee before an impartial arbitrator appointed by the American Arbitration Association, and a portion of the objector's fee shall be held in escrow while he or she pursues that challenge. Details on the method of making such challenge and the rights accorded to those who do so will be provided to objectors along with the explanation of the fee calculation.

Objections for the period of November through October must be sent during the month of September. In addition,

agency fee payers who are new to the bargaining unit may object within 30 days of receiving this notice. If for any reason a new bargaining unit member begins paying agency fees prior to receiving the notice, he or she may object retroactively to the commencement of such payments and for the duration of the current annual objection period. The letter of objection should include the name, address, work location, employer and Social Security number. Objections must be sent to UFCW Local 1776, Agency Fee Administrator, Walton Campus, 3031-A Walton Rd., Suite 201, Plymouth Meeting, PA 19462.

The advantages of becoming a member of the Union are significant. If you chose to be a non-member fee payer, you do not have the right to vote on the terms of your contract, the right to participate in the development of contract proposals, the right to nominate and vote for officers of the Union, the right to attend the International convention as a delegate, the right to participate in strike votes and the right to numerous other benefits available to members only. Therefore, we urge you to become a member of the Union.

**Classification changes & balance of initiation fees**

Members who are promoted from one job classification to another, i.e. Customer Service Attendant to Part-Time Clerk; Part-Time Clerk to Full-Time Clerk, are required to pay the difference in the initiation fee to conform with the new classification. This difference can be paid through payroll deductions or directly by the member.

**Suspensions and reinstatements**

It is each bargaining unit member's responsibility to remain a member or agency fee payer in order to protect his or her rights as defined by the collective bargaining agreement. If an employee fails to maintain these obligations, the employer is required to remove the employee's name from the work schedule and he or she will not be permitted to work. Any member of the Union not current in dues for a period of two consecutive calendar months automatically shall be suspended from membership in accordance with the Constitution of the UFCW International Union.

In cases of suspension of a member, a reinstatement fee of $5 shall be charged.

**Withdrawal cards – membership protection**

Any member who is no longer employed within the jurisdiction of UFCW Local 1776 should notify the Union office immediately and request a withdrawal card. The card is valid indefinitely and entitles the member on withdrawal to return to the UFCW International Union, AFL-CIO, in the United States or Canada without payment of a further initiation fee. A withdrawal card will be issued only if all appropriate dues and initiation fees have been paid covering any period up to the date a member permanently leaves employment covered by a collective bargaining agreement with Local 1776. If there is any outstanding balance for dues and/or initiation fees, the member's record will be suspended. If a former member with a suspended record returns to employment within one year with any employer covered by a collective bargaining agreement within the jurisdiction of UFCW Local 1776, he or she will be required to pay any previous outstanding balance plus a reinstatement fee of $5. If the return to employment with any employer covered by a collective bargaining agreement within the jurisdiction of UFCW Local 1776 is later than one year, the appropriate initiation fee will be charged based on the employer and job classification.

**Change of address; change of job**

Please notify the Union office if you change your name, address or place of employment. It is your responsibility as a member to keep all records current with UFCW Local 1776. The various Health and Welfare and Pension Fund offices, in addition to the UFCW Local 1776 Federal Credit Union, that service the benefits of the membership of UFCW Local 1776 are completely separate organizations and maintain their own respective member/beneficiary

records, i.e., name, address, employer, etc. Therefore, a member must inform each of the appropriate organizations of any change in name, address and employer.

**Hours of operation**

The Union's administrative office hours are 9 am to 4:30 pm Monday through Friday, except holidays. The Union's offices are equipped with voice mail boxes for all representatives and departments. Members have the convenience of leaving messages for their representative at any hour.

Offices are in the areas of Gettysburg, Harrisburg, Philadelphia and Wilkes-Barre (see back page.) The main office of Local 1776 is: Walton Campus, 3031-A Walton Rd., Suite 201, Plymouth Meeting, PA 19462. The internet address is www.ufcw1776.org.

**Credit Unions**

The United Food and Commercial Workers Local 1776 Federal Credit Unions have been established for the benefit of the members of Local 1776 and their families and operate as full service Credit Unions. For more information, contact their offices: 1-888-244-2804 (toll-free) or 610-941-2804 in Plymouth Meeting, or 570-693-4072 or 570-693-0800 in Wilkes-Barre.

**Health and Welfare/Pension Funds**

The health and welfare and pension benefits for the members of UFCW Local 1776 are administered by the following funds based on the member's employer. The appropriate fund will communicate with new members when they become eligible for benefits:

The UFCW Local 1776 and
Participating Employers Health & Welfare Fund
www.ufcw1776benefitfunds.org

The UFCW Local 1776 and
Participating Employers Pension Fund
www.ufcw1776benefitfunds.org

The UFCW Local 1776 and
Participating Employers Legal Trust Fund
www.ufcw1776benefitfunds.org

The above funds are administered at:

Walton Campus, 3031-B Walton Road
Plymouth Meeting, PA 19462
610-941-9400 or (toll-free) 1-800-458-8618

UFCW Central PA & Regional Health and Welfare Fund
Room 214, 150 S. 43rd Street
Harrisburg, PA 17111
717-561-9932 or (toll free) 1-800-225-7741
www.ufcw1776benefitfunds.org

UFCW Health and Welfare Fund of Northeastern PA
2007 Highway 315
Suite 201
Pittston, PA 18640
570-655-0584 or (toll-free) 1-800-578-5899
www.ufcw1776benefitfunds.org

UFCW Pension Fund of Northeastern PA
Walton Campus, 3031-B Walton Road
Plymouth Meeting, PA 19462
610-941-9400 or (toll free) 1-800-458-8618
www.ufcw1776benefitfunds.org

UFCW Union and Participating Food Industry Employers
Tri-State Pension Fund
Walton Campus, 3031-B Walton Road
Plymouth Meeting, PA 19462
610-941-4282 or (toll free) 1-866-828-8329
www.ufcwtristatepensionfund.org

EXHIBIT C

John R. Kabler, Jr.

1

UFCW Local 1776 KS
3031 Walton Road
Plymouth Meeting, PA 19462

CERTIFIED MAIL # 7017-1450-0001-2603-0095

July 17, 2018

As per the United States Supreme Court ruling in Janus v AFSCME, please accept this letter as my FORMAL resignation from membership in UFCW Local 1776 effective June 27, 2018, the date this forced membership was deemed unconstitutional and illegal.

I formally request written confirmation of the acceptance or denial of my request.

Respectfully,

*John R. Kabler Jr.*

John R. Kabler, Jr.

Cc:

Commonwealth of Pennsylvania
Executive Office,
Bureau of Commonwealth Payroll Operations
PO Box 8006
Harrisburg, PA 17105-8006

John R. Kabler, Jr.

Commonwealth of Pennsylvania
Executive Office,
Bureau of Commonwealth Payroll Operations
PO Box 8006
Harrisburg, PA 17105-8006

CERTIFIED MAIL # 7017-1450-0001-2603-1084

EMPLOYEE # 740248

Enclosed please find a copy of the letter sent to the UFCW Local 1776 mailed certified mail on July 17, 2018 resigning my membership with the Union as provided by the United States Supreme Court released ruling in Janus v AFSCME effective June 27, 2018. As of the date of this letter, I no longer authorize any deduction from my pay to the union for does or any other purpose.

I formally request written confirmation of the acceptance or denial of my request.

Respectfully,

John R. Kabler, Jr.

Jrk:

Cc:
        UFCW Local 776

EXHIBIT D



April 2, 2019

WENDELL YOUNG IV
President

MICHELE L. KESSLER
Secretary-Treasurer

ANTHONY M. HELFER
Recorder

CERTIFIED MAIL – RETURN RECEIPT REQUESTED – 7017 2680 0000 2304 0338

John Kabler

Dear Mr. Kabler;

We are writing to confirm that you are no longer a member of UFCW Local 1776KS, and that your dues deductions will cease effective April 10, 2019, the anniversary of your authorization of union dues deductions.

To be clear, we did attempt to communicate with you on multiple times on this subject. After you requested to stop dues deductions in 2018, we contacted you and explained your rights and our dues revocation policy. Local 1776KS also spoke to you again very recently in March 2019. We did so solely on our own initiative to inform you that you were within your revocation window during which you can stop dues deductions. When our representative called and attempted to give you this reminder, you talked over him and would not let him speak. After a brief time on the phone, you hung up on him. He tried to call you back but you did not answer. Two days later, we were informed you had sued Local 1776KS and others.

As we originally advised you in 2018, the request simply needed to be both in writing and made timely. Given that you filed your Complaint against Local 1776KS within the proper revocation period, we will consider such filing a timely, written request to stop deductions and we will process it accordingly.

Local 1776KS has successfully fought against the privatization of the PLCB for years and preserved your job and the jobs of your coworkers. We will continue this fight- on behalf of both members and non-members. If you have any questions at all, please do not hesitate to contact us or have your legal counsel do so.

Sincerely,

Wendell Young IV
President, UFCW Local 1776KS

MAIN OFFICE: Walton Campus • 3031A Walton Road, Suite 201 • Plymouth Meeting, Pennsylvania 19462-2344
Phone: (610) 940-1776 • 1-800-822-3737 • 1-866-329-1776    Fax: (610) 941-9525    www.ufcw1776.org

CENTRAL PA DIVISION (Gettysburg/Harrisburg)
3161 Chambersburg Road • Biglerville, PA 17307-9405 • 1-800-332-9421
150 S. 43rd Street, Suite 214 • Harrisburg, PA 17111 • 1-888-329-1776 • Fax (717) 558-3512

N.E. PA DIVISION • 2007 Highway 315, Suite 100 • Pittston, PA 18640-6105
(570) 655-6886 or 1-800-635-6994    Fax (570) 655-8864

WESTERN PA and the OHIO VALLEY DIVISION • 345 Southpointe Boulevard, Suite 300, Canonsburg, PA 15317
(724) 514-3228 or 1-800-245-2424    Fax (724) 514-3236



# EXHIBIT E



FOUNDED IN 1937

WENDELL YOUNG IV
President

MICHELE L. KESSLER
Secretary-Treasurer

ANTHONY M. HELFER
Recorder

April 10, 2019

*CERTIFIED MAIL – RETURNED RECEIPT REQUESTED – 7017 2680 0000 2304 0376*

Mr. Ed Phillips
Chief, Bureau of Labor Relations
PA Office of Administration
404 Finance Building
613 North Street
Harrisburg, PA 17120

Dear Mr. Phillips:

Please note that Pennsylvania Liquor Control Board employee John Kabler (Store # ) is no longer a member of UFCW Local 1776KS. Effective today, April 10, 2019, union dues should no longer be deducted from Mr. Kabler's pay, pursuant to his request to Local 1776KS that such deductions cease.

If you have any questions please do not hesitate to contact me at 610-940-1776, ext.

Sincerely,

Liana Reed
Membership Services
lreed@ufcw1776.org



MAIN OFFICE: Walton Campus • 3031A Walton Road, Suite 201 • Plymouth Meeting, Pennsylvania 19462-2344
Phone: (610) 940-1776 • 1-800-922-3737 • 1-866-329-1776    Fax: (610) 941-9525    www.ufcw1776.org

CENTRAL PA DIVISION (Gettysburg/Harrisburg)
3151 Chambersburg Road • Biglerville, PA 17307-9405 • 1-800-332-9421
150 S. 43rd Street, Suite 214 • Harrisburg, PA 17111 • 1-866-329-1776 • Fax (717) 558-3512

N.E. PA DIVISION • 2007 Highway 315, Suite 100 • Pittston, PA 18640-6105
(570) 655-6895 or 1-800-936-0394          Fax (570) 655-9864

WESTERN PA and the OHIO VALLEY DIVISION • 345 Southpointe Boulevard, Suite 300, Canonsburg, PA 15317
(724) 514-3228 or 1-800-245-2424          Fax (724) 514-3236

Affiliated with the United Food and Commercial Workers International Union

EXHIBIT F

## ARTICLE 4
## ~~MAINTENANCE OF MEMBERSHIP AND DUES DEDUCTION~~CHECKOFF

~~A.~~ ~~Each employee who is or becomes a member of the Union shall maintain such membership for the duration of this Agreement provided that such employee may resign from the employee organization within the 15 days prior to the expiration of this Agreement upon written notice by certified mail, (return receipt requested) to the Employer and the Union.~~

B.    The Employer agrees to deduct dues and initiation fees, ~~as defined in Article III, Section 301, Paragraph 11 of Act 195. Said deductions shall be made~~ from the wages of employees who have provided~~upon~~ proper written authorization for such deductions~~from the employee~~. The Union shall certify to the Employer the amount of Union dues to be deducted biweekly, and dues at this rate shall be deducted for each biweekly pay period for which the member is paid. Dues shall also be deducted from back pay awards and from pay received to supplement workers' compensation to the extent monies are available after appropriate deductions are made.

An employee's dues deduction authorization shall remain in effect until expressly revoked in writing by the employee in accordance with the terms of the authorization. When it is determined by the Union that an employee's payroll dues deductions should cease, the Union shall be responsible for notifying the Employer. Such notices shall be communicated in writing and shall include the effective date of the cessation of payroll dues deduction. The Employer shall rely on the information provided by the Union to cancel or change authorizations.

C.    The Employer further agrees to deduct from the wages of employees having executed the authorization in Section B of this Article an annual assessment, if any, upon certification of the assessment by the Union to the Employer.

~~D.~~ ~~The Employer and the Union hereby agree that all non-members of the Union shall be subject to a fair share fee as provided for in Act 84 of 1988 (S.B. 291) and any amendments thereto. The fair share fee shall be deducted biweekly from all employees in the bargaining unit who are not members of the Union.~~

~~Authorization from non-members to deduct fair share fees shall not be required. The amounts to be deducted shall be certified to the Employer by the Union, and the aggregate deductions of all employees shall be remitted together with an itemized statement to the Union by the last day of the succeeding month, after such deductions are made.~~

E.    The Union shall indemnify and hold the Commonwealth harmless against any and all claims, suits, orders, or judgments brought or issued against the Commonwealth as a result of any action taken or not taken by the Commonwealth under the provisions of this Article.

F.    ~~The above authorization shall be irrevocable during the term of this Agreement.~~

G.    The Employer shall furnish each new employee with a copy of this Agreement together with an authorization for dues payroll deduction, provided the Union has furnished the Employer with sufficient copies of the Agreement containing the authorization for dues payroll

deduction.

H.  Upon written request of the Union, the Employer shall, on a monthly basis, provide a statewide list of all employees who have been hired including their work locations and most recent date of hire. The Union shall be given the opportunity to speak to newly hired bargaining unit members during new employee orientation.