# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. KABLER, JR.,** | : | Civil No. 1:19-CV-395 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **UNITED FOOD AND COMMERICAL WORKERS UNIION, LOCAL 1776,** et al., | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I. Statement of Facts and of the Case.

This case involves a legal challenge to an "agency shop" provision in a public employee collective bargaining agreement which is inspired by the United States Supreme Court decision in <u>Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31</u>, 138 S. Ct. 2448, 2459-60, 201 L. Ed. 2d 924 (2018), holding that a state law under which "public employees are forced to subsidize a union, even if they choose not to join and strongly object to the positions the union takes in collective bargaining and related activities, . . . violates the free speech rights of nonmembers by compelling them to subsidize private speech on matters of substantial public concern." <u>Id.</u> In reaching this result, the Court expressly overruled its prior decision in <u>Abood v. Detroit Bd. of Ed.</u>, 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261

(1977), which had for many years sustained the constitutionality of such state statutes.

Currently there are potentially dispositive cross motions for summary judgment filed by the plaintiff and defendants. In connection with these motions, the defendants filed a pleading styled as a response to the plaintiff's motion for partial summary judgment. (Doc. 54). Kabler has responded to this submission by filing a motion to strike this document. (Doc. 57). This motion to strike is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, we will deny this motion, but will grant Kabler leave to file a reply to the response, if he chooses to do so.

**II.    Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum &

Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Likewise, Local Rule 56.1 governs summary judgment practice and provides that:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that

> support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

L.R. 56.1. "Given the important purposes served by Local Rule 56.1 in providing structure and coherence to summary judgment presentations, this Court has broad discretion in addressing the failure of parties to fully comply with this rule." Breslin v. Dickinson Twp., No. 1:09-CV-1396, 2012 WL 7177278, at *3 (M.D. Pa. Mar. 23, 2012), report and recommendation adopted, No. 1:09-CV-1396, 2013 WL 654491 (M.D. Pa. Feb. 21, 2013), on reconsideration sub nom. Breslin v. Jones, No. 1:09-CV-1396, 2016 WL 6962592 (M.D. Pa. Nov. 29, 2016).

In this case, in the exercise of our discretion, we will deny this motion to strike. Recognizing that "[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted," Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977), we find that it has not been shown that the assertions in this brief are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). We also conclude that this submission, while not expressly authorized by Local Rule 56.1, also did not clearly violate any express provision of this local rule. Finally, we conclude that we can address any incidental prejudice which the plaintiff believes he has suffered through this submission by allowing him leave to file a 10-page reply,

specifically directed to, and limited to, the new matters raised in this response. Therefore, in the exercise of our discretion, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), we will deny this motion to strike but grant the plaintiff leave to file a 10-page reply to this response.

    An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN R. KABLER, JR.,** | : | Civil No. 1:19-CV-395 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Carlson) |
| **UNITED FOOD AND COMMERICAL WORKERS UNIION, LOCAL 1776, et al.,** | : | |
| **Defendants** | : | |

## ORDER

Accordingly, for the reasons for the reasons set forth in the accompanying memorandum, the plaintiff's motion to strike (Doc. 57) the defendants' summary judgment response (Doc.54), is DENIED but the plaintiff is GRANTED leave to file a 10-page reply, specifically directed to, and limited to, the new matters raised in this response, provided the plaintiff files this reply on or before **November 19, 2019.**

So ordered this 5th day of November 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge